**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

R.A. KENAN M.S.,

      Petitioner,

v.                                   **CIVIL ACTION NO. 1:04CV144
(Judge Broadwater)**

**UNITED STATES GOV.,** [1]

      Respondent.

**REPORT AND RECOMMENDATION/OPINION**

**I. PROCEDURAL HISTORY**

On June 30, 2004, the *pro se* petitioner, an inmate at FCI-Gilmer, filed a document titled "28 U.S.C.§2241 Motion on Actual and Factual Innocence," seeking to have this Court vacate his conviction and release him from custody because he is actually innocent. Thereafter, on January 24, 2005, the petitioner filed a Request for Leave to Amend Motion to raise a claim pursuant to United States v. Booker, ____ U.S. ___, 125 S.Ct. 738 (2005).

**II. FACTS and CONTENTIONS**

---

[1] The proper respondent in a habeas action in the custodian of the prisoner. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"). "The custodian is the person having day-to-day control over the prisoner." Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673 (7th Cir. 2003). "Specifically, when a prisoner is serving a sentence in a federal facility, 'the warden of that facility is the prisoner's custodian within the meaning of §28 U.S.C. 2242-2243 ...." Id.; see also Brown v. Neagle, 486 F. Supp. 364 (S.D. W.Va. 1979)("the only proper respondent is the official charged with custody of the petitioner"). Consequently, the proper respondent is the Warden at FCI-Gilmer.

1

The petitioner was convicted in the United States District Court for the Middle District of North Carolina of possession with the intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(Count 1) and carring and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(Count 2)(case no. 2:93cr91). On September 10, 1993, the district court sentenced the petitioner to a term of imprisonment of 121 months on Count 1 and 60 months on Count 2 to commence at the expiration of the sentence imposed under Count 1.

The petitioner did not appeal his sentence and conviction. However, on November 15, 1995, he filed a §2255 motion which was denied. Now, the petitioner attempts to seek habeas relief from this court. In his petition, the petitioner raises numerous grounds.

First, the petitioner alleges that a routine stop and search revealed that the petitioner had a .380 semi-automatic handgun on his waist. However, he alleges he never reached for the weapon, never brandished it and never made any motions to acknowledge "this possession." The petitioner also asserts that the gun had nothing to do with the drug crime and that pursuant to Bailey v. United States, 516 U.S. 137 (1995)[2], his §942(c)(1) conviction should be vacated. The petitioner further asserts that because his conviction became final prior to the Bailey decision he can seek relief under §2241.

Next, the petitioner asserts that he should not have been sentenced for crack cocaine because the lab report does not mention "cocainehydrocholoride" and thus, he is "actually and factually"

---

[2]Prior to Bailey the use prong of §924(c)(1) was satisfied by the Government' proving that "the firearm [was] present for protection and to facilitate the likelihood of success, whether or not it [was] actually used." United States v. Paz, 927 F. 2d 176, 179 (4th Cir. 1991). However, under Bailey, in order for the Government to convict under the "use" prong, the Government must prove actual employment of the weapon.

2

innocent of possessing with the intent to distribute crack cocaine. He also asserts that his sentence violates Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004).

The petitioner also asserts that he should not have been assessed three points under U.S.S.G. §4A1.1 for his criminal history because the court for Prince George's County entered a judgment before conviction.

Additionally, the petitioner asserts that items were seized upon his arrest in 1993, but he did not receive notice of the seizure, never had a hearing, and was not "forwarded anything" regarding the seizure, and thus, his due process and double jeopardy rights were violated.

Lastly, the petitioner asserts that the BOP is improperly calculating his good conduct time based on 47 days a year instead of 54 days per year.

In his request for leave to amend, the petitioner asserts that his sentence is invalid under Booker because he was sentenced for crack, but he never admitted to selling crack.

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition and motion to amend petition be denied.

## II. ANALYSIS

**A. Challenge to Conviction and Sentence**

The petitioner attempts to challenge his conviction and sentence by alleging he did not "use" the firearm and is entitled to relief under Bailey; he should not have been sentenced for crack cocaine because the lab report does not mention "cocainehydrocholoride" and thus, he is "actually and factually" innocent of possessing with the intent to distribute crack cocaine; he should not have been assessed three points for his criminal history because the court for Prince George's County

received a judgment before conviction; and that his sentence is invalid under Blakely v. Washington, __ U.S. ___, 124 S.Ct. 2531 (2004).

A federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Jones, 226 F.3d at 333-34.

The petitioner's claims that he was sentenced for crack and his criminal history were incorrectly calculated are not based on new law. Thus, these claims are not proper in a §2241 proceeding. With regard to the petitioner's claims regarding Bailey and Blakely, such claims do not

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C.§ 2255 ; see Jones, 226 F.3d at 330.

afford him any relief.

First, the petitioner attempted to amend his §2255 motion to include a Bailey claim, but it was not looked at in 1996. According to the docket sheet for case no. 2:93cr91, which was obtained from PACER, the petitioner filed a §2255 motion on November 15, 1995. On December 6, 1995, Bailey was decided. On September 9, 1996, the assigned magistrate judge recommended that the §2255 motion be dismissed. The petitioner objected. The motion was not dismissed until February 3, 1997. Thus, the petitioner had the opportunity to bring a Bailey claim while his §2255 motion was pending.

Therefore, because Bailey was decided while his §2255 motion was pending, the petitioner is not entitled to raise a Bailey claim via a §2241 petition because §2255 was not ineffective or inadequate to test the legality of his detention.

The undersigned next turns to the petitioner's claim under Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004). Blakely as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ___, 124 S.Ct. at 2537 (citations omitted).

The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005). In Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the

5

unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Blakely and Booker are rules of constitutional law, and thus, the petitioner can not meet the third prong of Jones, supra.

B. **Motion for Leave to Amend**

Pursuant to 28 U.S.C. §2242, the petition can be amended as provided by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of amendment, etc. -- the leave sought should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). See also Sandcrest Outpatient Services, P.A. v. Cumberland County Hosp. System, Inc., 853 F.2d 1139, 1148 (4th Cir. 1988). However, the court has the discretion to either grant or deny the motion to amend. Foman, 371 U.S. at 182.

No responsive pleading has been filed. Thus, it was not necessary for the petitioner to file a Motion to Amend. Further, in his initial §2241 petition, the petitioner raised a Blakely claim. Thus, the undersigned recommends that the petitioner's motion to amend be denied as being moot.

6

C. **The BOP Properly Calculated the Petitioner's Good Conduct Time**

The petitioner has not indicated whether he exhausted his administrative remedies. Nonetheless, other courts have already found that requiring inmates to challenge the BOP's policy regarding calculation of GCT through the administrative process would be futile. See, e.g., Moreland v. Federal Bureau of Prisons, ___ F. Supp. 2d ___, 2005 WL 757154 (S.D. Tex. 2005); Williams v. Dewalt, 351 F. Supp. 2d 412 (D. Md. 2004); and Hendershot v. Scibana, 2004 WL 2009241 (W.D.Wis. 2004). Thus, the undersigned finds that futility excuses the petitioner's failure to exhaust his administrative remedies.

18 U.S.C. §3624(b) delegates to the BOP the authority to award and calculate good time credits. This section provides as follows:

> (b) Credit toward service of sentence for satisfactory behavior.
>
> (1) Subject to paragraph (2), a prisoner who is serving a *term of imprisonment* of more than 1 year other than a *term of imprisonment* for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.
> (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.
> (3) The Attorney General shall ensure that the Bureau of Prisons has in effect an optional General Educational Development program for inmates who have not earned a high school diploma or its equivalent.

   (4) Exemptions to the General Educational Development requirement may be made
   as deemed appropriate by the Director of the Federal Bureau of Prisons.
18 U.S.C. §3624(b) (emphasis added).

The BOP has interpreted the statute as directing the BOP to award inmates 54 days of good time credit for each year served and to prorate the amount of GCT for the last partial year. See 28 C.F.R. §523.20. The formula used by the BOP to determine good time credits is set forth in the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA.

The Fourth Circuit has not addressed the issue[4], but the First, Third, Sixth, Seventh and Ninth Circuits, have affirmed the manner in which the BOP calculates good conduct time. See Perez-Olivo v. Chavez, 394 F. 3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F. 3d 172, 2005 WL 647669 (3d Cir. 2005); White v. Scibana, 390 F. 3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 3185147 (6th Cir. 2002); Williams v. Lammana, 2001 WL 11306069 (6th Cir. 2001); Pacheco-Camacho v. Hood, 272 F. 3d 1266 (9th Cir. 2001), cert. denied, 535 U.S.1105 (2002); Also, district courts have weighed in on this issue. See e.g., Germany v. Smith, 2005 WL 428585 (M.D. Pa. 2005); Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. 2004); Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004); and Martinez v. Wendt, 2003 WL 22456808 (N.D. TX 2003)(Mag. Report and Recommendation) adopted by the district court, 2003 WL 22724755 (N.D. Tex. 2003); but see Williams v. DeWalt, 351 F. Supp. 2d 412 (D.Md. 2004).

In Perez-Olivo, supra, the First Circuit concluded that the phrase "term of imprisonment" is ambiguous and "that this ambiguity cannot be resolved by looking at either the context of the statute or the statute's legislative history." Id. at 52. The Court further concluded that Congress had

---

[4] In Williams v. DeWalt, 351 F. Supp. 2d 412 (D. Md. 2004), the District of Maryland noted that the Fourth Circuit will be addressing the propriety of the BOP's policy for calculating GCT in Yi v. Brooks, No. 04-6891 (4th Cir. 2004).

charged the BOP with interpreting the phrase term of imprisonment and that the BOP's interpretation is reasonable.

In O'Donald, the Third Circuit also concluded that the phrase "term of imprisonment" is ambiguous, but that the BOP's interpretation is reasonable. The court further determined that the rule of lenity does not apply because it could "otherwise resolve the ambiguity of the statute."

In White, supra, the court focused on the phrase "term of imprisonment" and stated as follows:

> if "term of imprisonment" refers to the sentence imposed, it becomes impossible to award the credit based on an annual year-end assessment of the prisoner's behavior. And such retrospective annual assessment and award of credit appears to be at the core of what the good-time statute is all about. To interpret "term of imprisonment" as "sentence imposed" for purposes of awarding good-time credit would entitle an inmate to receive credit for good conduct in prison for time-perhaps several years of time - that he was not in prison.

The Seventh Circuit concluded that the phrase "term of imprisonment" is ambiguous and deferred to the BOP's reasonable interpretation of the statute.

In Brown, supra, the petitioner argued that he should receive GCT in the amount of 15% of his sentence. The Sixth Circuit found that the BOP follows 18 U.S.C. §3624(b)(1) by granting 54 days of credit for each year actually served and that the statute makes no reference to a 15% figure. Thus, the Sixth Circuit found that the BOP's interpretation of §3624(b) is reasonable.

In Williams v. Lammana, supra, the petitioner alleged that the phrase "may receive credit toward the service of [his] sentence, beyond the time served" contained in §3624(b) should be interpreted as allowing him to receive good time credits based on the sentence imposed instead of the actual time of incarceration. The Sixth Circuit found that "[t]he statute clearly states that good conduct time is awarded on the time served by the inmate, not on the time that might potentially be

9

served by the inmate." Id. at 361. Thus, the Sixth Circuit found that the BOP had properly calculated GCT.

In Pacheco-Camacho, supra, the petitioner alleged that the BOP's regulations allowed him to receive only 47 days of GCT instead of 54 days. The Ninth Circuit found that the phrase "term of imprisonment" in §3624(b) is ambiguous and looked at the legislative history which according to the Ninth Circuit lent "additional support to the BOP's regulation." The Ninth Circuit found that the BOP's interpretation of §3624(b) is reasonable and entitled to deference as required by Chevron U.S.A. Inc., v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). The court further found that a sentence imposed interpretation of the phrase "term of imprisonment" would be inconsistent with the requirement to prorate good time credits during the last year of the term and would give the prisoner a windfall in his last year. Lastly, the Ninth Circuit found that the rule of lenity did not apply because the BOP has resolved the ambiguity in §3624(b) through its reasonable interpretation of the statute. Id. at 1272.

In Pasciuti v. Drew, 2004 WL 1247813 (N.D. N.Y. 2004), the Northern District of New York found §3624(b) to be ambiguous because it is unclear "what amount of time should be used as the standard for prorating." However, the court found that the BOP's interpretation was reasonable because the statute states that the credit is to be given "at the end of each year of the prisoner's term of imprisonment." The court determined that "if GCT was awarded based on the term of imprisonment imposed by a sentencing judge, an inmate may be awarded GCT for years on his initial sentence that he is not required to serve." Id. at *5.

Likewise, in Graves v. Bledsoe, 334 F. Supp. 2d 906 (W.D. Va. 2004), the Western District of Virginia found the language of §3624 to be ambiguous and the BOP's interpretation of the statute

to be logical and reasonable. See also, Martinez v. Wendt, 2003 WL 22456808 (N.D. TX 2003)(Mag. Report and Recommendation) adopted by the district court, 2003 WL 22724755 (N.D. Tex. 2003) (§3624(b) is ambiguous, the BOP's interpretation of the statute is reasonable and the rule of lenity does not apply because §3624(b) is not a penal statute).

However, in Williams v. DeWalt, supra, the District of Maryland determined that the BOP's policy regard GCT was improper. In reaching this conclusion, the District of Maryland stated as follows:

> The use of the phrase "therm of imprisonment" can logically be read to harmonize its use with its meaning throughout the statute. Reference to the end of the year may simply refer to the end of the calendar year, or the date on which good conduct credits vest. Such a reading of the statute would permit "term of imprisonment" to continue to carry its normal meaning-sentence imposed.
>
> * * *
>
> Beyond subsection (b), the phrase "term of imprisonment" is also used throughout §3624 to mean sentence imposed. Likewise, throughout the criminal code "term of imprisonment" is used as a term of art to mean sentence imposed, not time served.
>
> Given the foregoing, the court finds that the plain reading of the statute, coupled with the application of the rule of intra-statutory consistency, supports the plain reading of the statute that good conduct credits are to be awarded based on the total sentence imposed, rather than on the actual time served.

DeWalt, 351 F. Supp. 2d at 417-418. (footnotes omitted).

The undersigned agrees with the majority of courts which have addressed the issue regarding calculation of GCT that §3624(b) is ambiguous and that the BOP has properly interpreted the statute.

In finding that the statute is ambiguous, the undersigned has utilized the canons of statutory construction.

With regard to statutory construction, the court must first determine "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear that is the end of

11

the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Chevron U.S.A. v. Natural Res. Def. Council, 467 U.S. 837, 842-43 (1984).

In interpreting a statute, courts do not construe the meaning of statutory terms in a vacuum; instead the words are interpreted "in their context and with a view to their place in the overall statutory scheme." Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809 (1989); Tyler v. Cain, 533 U.S. 656, 662 (2001). Further, "identical words used in different parts of the same act are intended to have the same meaning." Sorenson v. Secretary of Treasury, 475 U.S. 851, 860 (1986)(quoting Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 87 (1934)). However, if the language in the statute is not clear, courts may resort to the legislative history to ascertain the meaning of the language. Consumer Product Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102 (1980).

The phrase which causes problems in §3624(b) is " term of imprisonment" because it is unclear whether the phrase means sentence imposed or time served. Clearly, the first two times the phrase is used in §3624(b), the phrase means sentenced imposed. However, when the phrase is used the third time- "54 days at the end of each year of the prisoner's term of imprisonment"- the phrase is ambiguous. Thus, §3624(b) is ambiguous with regard to phrase "term of imprisonment."

Even looking at how the phrase "term of imprisonment" is used in §3624(a)[5] and finding that "term of imprisonment" means sentence imposed in §3624(a), such does not clarify the ambiguity

---

[5]18 U.S.C. §3624(a) provides as follows:
(a) Date of release.--A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner'' term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b). If the date for a prisoner's release falls on a Saturday, a Sunday, or a legal holiday at the place of confinement, the prisoner may be released by the Bureau on the last preceding weekday.

because §3624(b) must be read in its entirety. The other portions of the statute provided that GCT is to be awarded at the end of each year of the prisoner's term of imprisonment and that "credit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence." Using a "sentence imposed" interpretation with regard to these clauses is not logical. Thus, the ambiguity remains.

Therefore, the undersigned has examined the legislative history to determine the meaning of the statute. Continuing Appropriations, 1985 - - Comprehensive Crime Control Act of 1984 Sen. Rep. No. 98-225 (1984), reprinted in 1984 U.S.C.C.A.C. 312, 3329-30 provides that the changes made to §3624(b) in 1984 were to simplify the calculation of good time benefits and to decrease the prisoner's uncertainty about his release date. The prior law provided a different rate of good time credit for different lengths of sentences and gave prison officials the discretion to withhold or restore credits depending on the inmate's subsequent behavior. While Congress may have intended the new system to be simpler for calculating GCT, Congress did not set forth how the GCT was to be calculated. Moreover, Congress added the language that GCT was to be awarded at the end of each year of the prisoner's term of imprisonment.

The Ninth Circuit provided additional insight regarding the Comprehensive Crime Control Act of 1984:

> While Congress intended the new system to be simpler than that under the previous law, it did not eliminate the proration of good time credits during the last year of the sentence. If Congress's sole goal had been simplicity, it could have chosen not to award any good time credits during the last year of imprisonment (as it does for sentences of a year or less), or to award the full fifty-four days regardless of whether or not the prisoner serves the full year in prison. Instead, Congress chose to tolerate the additional complexity in order to arrive at a more equitable result. Far from mandating Pacheco's interpretation, congressional desire to strike a balance between simplicity and fairness, as evidenced by legislative history, lends additional

13

support to the BOP's regulation.
Pacheco, 272 F. 3d at 1269-70.

Thus, the reasoning behind the Comprehensive Crime Control Act of 1984 does not clarify the ambiguity.

Therefore, the undersigned finds that after reviewing the legislative history, Congress's intent regarding the phrase "term of imprisonment" is ambiguous. Thus, the Court must now determine "whether the agency's answer is based on a permissible construction of the statute. Chevron, 467 U.S. at 843. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id. at 844. "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail." Id. at 866.

The BOP's method of calculating the good time credits applies the statute as it is written and is entitled to deference. While the phrase "term of imprisonment" is ambiguous, the overall directive of Congress is clear, i.e, good time credit is to be calculated on the basis of time served instead of sentence imposed because §3624(b) requires the BOP to award credit only "at the *end of each year* of his term of imprisonment." (emphasis added). If a prisoner were awarded GCT based on the sentence imposed, he may be given GCT for years he is not required to serve. Thus, the undersigned agrees with the majority of courts which have addressed this issue that the BOP is properly calculating GCT based on time served instead of sentence imposed.

14

Lastly, the undersigned finds that the rule of lenity does not apply. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." United States v. Bass, 404 U.S. 336, 347 (1971). The rule of lenity also applies in the civil context where an ambiguous statute had some criminal applications. See e.g., United States v. Thompson/Center Arms Co., 504 U.S. 505 (1992). "The rule of lenity applies only if 'after seizing everything from which aid can be derived, we can make 'no more than a guess as to what Congress intended.'" Reno v. Koray, 515 U.S. 50, 65 (1995)(internal citation omitted). The Supreme Court has noted that the rule of lenity "cannot dictate an implausible interpretation of a statute, nor one at odds with the generally accepted contemporary meaning of a term." Taylor v. United States, 495 U.S. 575, 596 (1990). The undersigned agrees with the succinct statement of the Pasciuti Court, set forth below, that the rule of lenity does not apply:

> Because inconsistencies would arise if "term of imprisonment" were read as "sentence", Congress could only have intended the phrase to be used to mean years that an inmate is actually imprisoned. Therefore, while there is ambiguity stemming from the meaning of one phrase in the statute, when viewed in its entirety, § 3624(b) is not ambiguous and the rule of lenity does not apply.

Pasciuti v. Drew, 2004 WL 1247813, *6 (N.D.N.Y.).

Therefore, the undersigned finds that the BOP is properly calculating the petitioner's good conduct time and that he is entitled to no habeas relief.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE because §2255 was not ineffective or inadequate to bring his Bailey claim, he cannot meet the third prong of Jones regarding his Blakely and Booker claims, and the BOP's policy regarding GCT is proper. Further, it is recommended that the

petitioner's motion to amend be DENIED as being moot.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

DATED: June 14, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE